GLEN MORGAN, Respondent, v DAVID JACOBS et al., Appellants. KIRST CONSTRUCTION INC., Third-Party Plaintiff, v H&H ROOFING, INC., Third-Party Defendant-Appellant. [887 NYS2d 903]—

Appeals from an order and judgment of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered February 24, 2009. The order and judgment, insofar as appealed from, denied those parts of the motions of defendants and third-party defendant seeking summary judgment dismissing the Labor Law § 241 (6) claim.

It is hereby ordered that the order and judgment insofar as

appealed from is unanimously reversed on the law without costs, the motions are granted in their entirety and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he attempted to start a roof-cutting machine while employed by third-party defendant on a renovation project. Supreme Court erred in denying that part of the motion of defendant David Jacobs and defendant/third-party plaintiff (hereafter, defendants), as well as that part of the motion of third-party defendant seeking summary judgment dismissing the Labor Law § 241 (6) claim. That claim is premised on the alleged violation by defendants of the obligation imposed on them by 12 NYCRR 23-9.2 (a) to maintain power-operated equipment "in proper operating condition." That portion of the regulation is "not specific enough to permit recovery under section 241 (6)" (*Misicki v Caradonna*, 12 NY3d 511, 520 [2009]). Present— Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.